697 So.2d 239 (1997)
In re NEW ORLEANS TRAIN CAR LEAKAGE FIRE LITIGATION.
Nos. 97-CC-1150, 97-CC-1161.
Supreme Court of Louisiana.
June 27, 1997.
PER CURIAM.
Writ granted.
This class action arises out of a September 9, 1987, fire involving rail tank car GATX 55996 in Orleans Parish. The defendants herein have filed these applications contesting the trial court's modification of the Case Management Plan for the Class Action Trial.
In addition to compensatory damages, the class seeks punitive damages under former Louisiana Civil Code article 2315.3.[1] Under the trial plan set out in the trial court's case management orders, the trial court's plan indicates that after the jury has determined whether or not to assess punitive damages:
the jury will determine punitive damages for the class as a whole as punishment for the defendant's conduct by use of a multiplier based on what the compensatory damages to a given plaintiff are.
It is this instruction, that the jury should use a multiplier in assessing punitive damages, to which defendants complain.
In BMW of North America, Inc. v. Gore, ___ U.S. ___, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), the United States Supreme Court, in reviewing the punitive damages award to the plaintiff for excessiveness, examined the amount of punitive damages and compensatory damages awarded and compared the ratio between the two. Thus, a multiplier is used as a standard of review to determine if the punitive damage award is excessive and unreasonable. BMW of North America, ___ U.S. at ___, 116 S.Ct. at 1601.
Therefore, considering the foregoing, in the event the jury in this matter determines that defendants are liable for punitive damages, the trial court is prohibited from instructing the jury that it may use a multiplier when determining the amount of punitive damages that can be awarded, but should instruct the jury to determine that amount of punitive damages by consideration of all relevant factors.[2]
KNOLL, J., not on panel in No. 97-CC-1150.
KIMBALL, J., not on panel in No. 97-CC-1161.
NOTES
[1] La. C.C. art. 2315.3 provided:

In addition to general and specific damages, exemplary damages may be awarded, if it is proved that plaintiff's injuries were caused by the defendant's wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances....
This article was later repealed on April 16, 1997.
[2] See e.g., Jordan v. Intercontinental Bulktank Corp., 621 So.2d 1141, 1157 (La.App. 1st Cir.), writ denied, 623 So.2d 1335, 1336 (La.1993); cert. denied, 510 U.S. 1094, 114 S.Ct. 926, 127 L.Ed.2d 219 (1994).